UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERDAU AMERISTEEL US, INC.,

    Plaintiff,

v.                                                                             Case No: 8:14-cv-1647-T-36AEP

DAVENPORT ELECTRIC CONTRACT
COMPANY,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Alternative (sic) Motion to Transfer Venue for *Forum Non-Conveniens* (Doc. 5). Plaintiff filed a timely response (Doc. 12). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Alternative (sic) Motion to Transfer Venue for *Forum Non-Conveniens*.

**I.**    **Background**

In November of 2010, the parties entered into a Preferred Supplier Agreement (Doc. 12-1 at p. 4-8) ("the Supplier Agreement"). Pursuant to this Agreement, Plaintiff Gerdau Ameristeel US, Inc. ("Gerdau") agreed that Defendant Davenport Electric Contract Company ("Davenport") would be its preferred supplier of certain electrical products and services at Gerdau's Wilton, Iowa location. Doc. 2 at ¶¶ 7-9; Doc. 12-1 at p. 4.

On June 6, 2012, Davenport's employee Matthew Thomas Nickels was working as an electrician at Gerdau's facility when he was severely injured by an ARC flash. Doc. 2 at ¶¶ 15-16. On October 17, 2012, Nickels and his wife filed an action for negligence, strict liability and premises liability in federal court in Iowa. Doc. 2 at ¶ 17. Gerdau asserts that, pursuant to the

Supplier Agreement, Davenport is required to defend and indemnify Gerdau in the suit filed by Nickels. Doc. 2 at ¶ 18. Davenport disagrees.

Accordingly, Gerdau filed the instant suit in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, asserting claims for (1) breach of the Supplier Agreement, (2) negligence, (3) contractual indemnity, (4) equitable subrogation, and (5) contribution. *See* Doc. 2. On July 7, 2014, Davenport removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Doc. 1. Davenport subsequently filed the instant motion seeking dismissal of this action for lack of personal jurisdiction, or in the alternative, transfer of venue to Iowa. *See* Doc. 5.

## II.    Standard

In order to survive a motion to dismiss for lack of personal jurisdiction when no evidentiary hearing is held, the plaintiff must establish a *prima facie* case of jurisdiction over the nonresident defendant. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)).  To establish a *prima facie* case of personal jurisdiction, the plaintiff must present evidence sufficient to defeat a motion for a directed verdict. *Id*.  The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *Id*.  To the extent there is any conflict, the district court must construe all reasonable inferences in favor of the plaintiff. *Id*.

## III.    Discussion

### A.    Jurisdiction

#### 1.    Contractual Agreement

The Supplier Agreement[1] contains the following clause:

---

[1] Davenport argues that the Supplier Agreement does not apply to this action because Nickels' work on June 6, 2012 was not covered by that agreement. This argument is premature at this stage of the proceedings as Gerdau's Complaint

2

> 18. GOVERNING LAW: The terms and conditions provided herein and the rights of all parties hereunder shall be construed under and governed by the laws of the State of Florida. Venue shall be in Hillsborough County Courts, Florida; **said courts to have jurisdiction over the parties**.

Doc. 12-1 at p. 7 (emphasis added). Under Florida law, "forum selection clauses should be enforced in the absence of a showing that enforcement would be unreasonable or unjust." *Manrique v. Fabbri,* 493 So. 2d 437, 440 (Fla. 1986). *See also Bombardier Capital, Inc. v. Progressive Mktg. Group, Inc.,* 801 So. 2d 131, 136 (Fla. 4th DCA 2001) (same). "[F]orum selection clauses which state or clearly indicate that any litigation must or shall be initiated in a specified forum are mandatory." *Shoppes L.P. v. Conn,* 829 So. 2d 356, 358 (Fla. 5th DCA 2002). The use of the term "shall" here makes this forum selection clause mandatory.

With regard to personal jurisdiction, Defendant relies on *McRae v. J.D./M.D., Inc.,* 511 So. 2d 540, 544 (Fla. 1987) for the proposition that a forum selection clause alone is insufficient to confer personal jurisdiction on Florida courts. *See* Doc. 5 at p. 6. However, the holding in *McRae* has been superseded by statute. "Two years after *McRae* was decided, the Legislature promulgated sections 685.101-.102, which are contained within the Contract Enforcement Chapter of the Commercial Relations Title of Florida Statutes." *Jetbroadband WV, LLC v. MasTec N. Am., Inc.,* 13 So. 3d 159, 161 (Fla. 3d DCA 2009). Together, sections 685.101 and 685.102 of the Florida statutes

> stand for the proposition that, if certain requirements are met, parties may, by contract alone, confer personal jurisdiction on the courts of Florida. To satisfy the statutory requirements, the contract, agreement, or undertaking must (1) include a choice of law provision designating Florida Law as the governing law, (2) include a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida, (3) involve consideration of not

---

alleges a claim for breach of the Supplier Agreement. *See* Doc. 2 at p. 6-7. Whether this claim will be ultimately successful is not an issue to be decided at this stage.

> less than $ 250,000, (4) not violate the United States Constitution, and (5) either bear a substantial or reasonable relation to Florida or have at least one of the parties be a resident of Florida or incorporated under its laws. Thus, as long as one of the parties is a resident of Florida or incorporated under its laws, and the other statutory requirements are met, sections 685.101-.102 operate irrespective of whether the underlying contract bears any relation to Florida and notwithstanding any law to the contrary. *See* §§ 685.101 and 685.102, Fla. Stat.

*Jetbroadband,* 13 So. 3d at 162. Here, 4 out of 5 of these requirements are easily met because the Supplier Agreement: (1) includes a choice of law provision designating Florida Law as the governing law (Doc. 12-1 at p. 7), (2) includes a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida (*id.*), (3) involves consideration of not less than $ 250,000 (Doc. 2 at ¶ 7), and (4) at least one of the parties is a resident of Florida or incorporated under its laws (*id.* at ¶ 2). Thus, the only question to answer is whether the Supplier Agreement violates the U.S. Constitution.

> Therefore, we must still determine whether there are minimum contacts sufficient to justify the trial court's exercise of jurisdiction over defendant. Normally, courts review a number of factors to determine whether minimum contacts exist. However, in the commercial context, "the Supreme Court has held that the minimum contacts standard is met if a forum-selection clause exists that is 'freely negotiated' and is not 'unreasonable and unjust.'"

*Jetbroadband,* 13 So. 3d at 163 (internal citations omitted). Davenport argues that enforcing the forum selection clause here would be unjust and a violation of due process.

    2.    *Due Process*

For jurisdiction to exist, due process requires that a nonresident defendant have "fair warning" that a particular activity may subject it to the jurisdiction of a foreign sovereign. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). The defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475-76. In addition, the

nonresident's "conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *Cable/Home Communications Corp. v. Network Prod., Inc.*, 902 F.2d 829, 858 (11th Cir. 1990) (citations omitted). "[W]here a requirement to pay money in Florida has been coupled with a Florida venue selection clause in a contract, courts have held that the nonresident defendant should reasonably expect to be haled into court in Florida." *Global Satellite Commun. Co. v. Sarl Sudline*, 849 So. 2d 466, 469 (Fla. 4th DCA 2003) (citing *Desai Patel Sharma, Ltd. v. Don Bell Indus., Inc.,* 729 So. 2d 453 (Fla. 5th DCA 1999); *Dolphin Aviation, Inc. v. High Country Helicopters, Inc.,* 695 So. 2d 811 (Fla. 2d DCA 1997); *Jefferson Sav. & Loan Ass'n v. Greenman Group, Inc.,* 531 So. 2d 428 (Fla. 4th DCA 1988); *Maritime Ltd. P'ship. v. Greenman Adver. Assocs., Inc.,* 455 So. 2d 1121 (Fla. 4th DCA 1984)).

Thus, while the forum may be inconvenient for Davenport, this inconvenience does not rise to the level of a constitutional violation. Instead, it would seem manifestly unjust for the Court to refuse to enforce the contractual provision that appears to have been properly bargained for and was relied upon by Plaintiff when filing this action. Accordingly, Defendant's motion to dismiss for lack of jurisdiction will be denied.

### B. Venue

Davenport argues, in the alternative, for transfer of venue to Iowa pursuant to *forum non conveniens*. "The Supreme Court has made clear that the use of *forum non conveniens* for transfer of venue has been superseded by 28 U.S.C. § 1404(a), and that the doctrine 'has continuing application only in cases where the alternative forum is abroad.'" *Beatie & Osborn LLP v. Patriot Sci. Corp.,* 431 F. Supp. 2d 367, 392 (S.D.N.Y. 2006) (quoting *American Dredging Co. v. Miller,*

510 U.S. 443, 449 n.2 (1994)). Thus, the motion to transfer will be evaluated solely under 28 U.S.C. §1404(a).

Pursuant to section 1404(a), a federal district court sitting in diversity may, "for the convenience of the parties and witnesses, in the interest of justice, transfer any civil action to any other district or division where it might have been brought." *Miramar Inv., LLC v. Preferred Income Partners IV, LLC*, 2012 WL 2872879 at *2 (M.D. Fla. Apr. 11, 2012). However, "[t]he type of ... situation in which judicial enforcement of a contractual choice of forum clause would be improper" is "exceptional." *P & S Bus. Machines, Inc. v. Canon USA, Inc.,* 331 F.3d 804, 807 (11th Cir. 2003) (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)). "The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify [transfer] of the dispute." *P & S Bus. Machines,* 331 F.3d at 807 (citing *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989)).

In its motion, Davenport notes that "the threshold question in deciding a motion to transfer venue under Rule 1404(a) is whether the lawsuit could have been brought in the transferee forum." Doc. 5 at p. 16. Given the existence of the mandatory forum selection clause, it would seem that this action could not have been brought anywhere except Hillsborough County, Florida. The filing of this action in another forum would have been a breach of the Supplier Agreement's forum selection clause.

However, even if this action could have been brought in Iowa, Defendant has not established that this Court can or should refuse to enforce the forum selection clause. Davenport argues that this forum is inconvenient for the witnesses because many of them are residents of Iowa. According to Davenport, keeping this litigation in Florida would result in more expensive and time-consuming discovery because its Florida counsel would have to travel over 1,000 miles

to depose witnesses. Davenport claims that its financial means are much less than Gerdau's, making the expense of this litigation more difficult to bear. However, the Eleventh Circuit has held that

> [t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause. *See Bonny v. Society of Lloyd's,* 3 F.3d 156, 160 n.11 (7th Cir. 1993) (reasoning that a "party's financial status at any given time in the course of litigation cannot be the basis for enforcing or not enforcing a valid forum selection clause"); *Moses v. Business Card Exp., Inc.,* 929 F.2d 1131, 1138-39 (6th Cir. 1991) (reasoning that economic disparity between franchisor and franchisees and franchisees' claim of financial hardship were insufficient reasons to refuse enforcement of a forum selection clause); *see also Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 594-95, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991) (rejecting the Court of Appeals' finding of fact on insufficient evidence that respondents were physically and financially incapable of litigating in the selected forum and enforcing the forum selection clause); *Diaz Contracting, Inc. v. Nanco Contracting Corp.,* 817 F.2d 1047, 1052-53 (3d Cir.1987), overruled on other grounds by *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 885 F.2d 1149 (3d Cir.1989) (concluding that the inability of the plaintiff to finance additional litigation in another forum was insufficient to prove unreasonableness).

*P & S Business Machs.,* 331 F.3d at 807-808.

Davenport also argues that the relevant documents and evidence are in Iowa. Given the ease of transmitting documents electronically, this argument holds little weight. Likewise, Davenport's assertion that the location of the "operative facts" is Iowa is an unconvincing argument for refusal to enforce a forum selection clause. If it were, forum selection clauses would be practically meaningless.

Davenport incorrectly claims that the Iowa court is more familiar with the law that applies to this action than this court. As previously discussed, Florida law will apply, at least to the claims arising under the Supplier Agreement. Obviously, the federal court in Iowa is not more familiar with Florida law than this court.

Finally, Davenport's claim that public policy favors transferring this action to Iowa is unsupported. The strong policy of enforcing valid, mandatory, contractual forum selection clauses outweighs any policy in favor of resolving local controversies "at home."

### C.   Jurisdictional Discovery

Both parties have suggested that the Court allow for jurisdictional discovery prior to ruling on the instant motion. However, there is no indication that such discovery would have any effect on the result. Plaintiff has filed an action for breach of an agreement that has a mandatory forum selection clause. There is no amount of factual discovery that would change this fact. To hold that the Supplier Agreement does not apply to the incident at issue here would require a determination on the merits of at least one of Plaintiff's claim. Such a determination at this stage is inappropriate.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Alternative (sic) Motion to Transfer Venue for *Forum Non-Conveniens* (Doc. 5) is DENIED.

**DONE AND ORDERED** in Tampa, Florida on October 10, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any